UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **Theodore Kirkpatrick** and **Christopher Coll**, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiffs, | § § | Case No. 1:16-cv-00733-LY |
| v. | § § | |
| **HomeAway.com, Inc.** and **Does 1–10**, | § § § | |
| Defendants. | § § | |

# DEFENDANT HOMEAWAY.COM, INC.'S RESPONSE TO PLAINTIFFS' MOTION FOR RECONSIDERATION

4841-5702-0347

## INTRODUCTION

As Plaintiffs admit and this Court has routinely held, a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the court's order. Yet, that is precisely what Plaintiffs' motion for reconsideration does. In asking the Court to reconsider its denial of Plaintiffs' motion for class certification, Plaintiffs hang their hat on the Fifth Circuit's opinion in *Vine v. PLS Financial Services., Inc.*, No. 19-40353, 2020 WL 1522438 (5th Cir. Mar. 30, 2020) (per curiam). But far from reflecting a change in controlling law, that unpublished (and therefore non-precedential) opinion merely applied well-settled legal principles to affirm a district court order that the parties discussed at length in their briefing. As for Plaintiffs' request for reconsideration of the Court's decision to exclude the opinion of their proffered damages expert, Arthur Olsen, Plaintiffs do not even attempt to identify new case law or evidence justifying their request. On both counts, then, Plaintiffs' motion for reconsideration is nothing but a transparent attempt to rehash the same evidence, legal theories, and arguments that the parties thoroughly covered in the more than 600 pages of materials they previously submitted to the Court on these motions. The Court was right to reject Plaintiffs' arguments the first time, and Plaintiffs provide no justification for asking the Court to revisit the same arguments again now.

## ARGUMENT & AUTHORITIES

A motion for reconsideration under Rule 59(e)[1] is appropriate only where the movant clearly establishes a manifest error of law, presents newly discovered evidence, or identifies an "intervening

---

[1] Plaintiffs purport to seek reconsideration under Rules 59(e) and 60. (Pls.' Mot. Reconsideration 2, ECF No. 136.) As this Court has noted, however, if a motion for reconsideration "is filed within 28 days of the judgment or order of which the party complains, it is considered a Rule 59(e) motion," not a Rule 60(b) motion. *Obersteller v. United States*, No. No. 1:13-cv-198-LY, 2013 WL 7138802, at *1 (W.D. Tex. July 19, 2013). Because Plaintiffs filed their motion less than 28 days after the Court's order, Rule 60(e) does not apply. In any event, the standard for motions under Rule 60 is more exacting than under Rule 59(e). *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("Rule 59(e) motions…are not controlled by the same exacting substantive requirements as Rule 60(b) motions." (internal quotation marks omitted)); *Neaville v. Wells Fargo Bank, N.A.*, No. 3:11-cv-97-P, 2013 WL 12124590, at *2 (N.D. Tex. June 4, 2013) (noting that Rule 59(e) is "less exacting than…Rule 60(b)"). Thus, a motion that does not satisfy Rule 59(e) necessarily cannot satisfy Rule 60.

change in the controlling law." *Smith v. Bank of Am. Corp.*, No. A-13-CV-193-LY, 2014 WL 12637376, at *1 (W.D. Tex. Feb. 12, 2014) (citing *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989); *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Thus, "[r]econsideration of an order is an extraordinary remedy that should be used sparingly," *Smith*, 2014 WL 12637376, at *1 (citing *Templet*, 367 F.3d at 479), and "[a] motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of the court's order," *id.*; *accord Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002).[2]

Plaintiffs' requests for reconsideration of the Court's class certification decision and its *Daubert* ruling do not meet the standard for such motions. And even if Plaintiffs could demand that the Court consider the same recycled arguments a second time, the Court's decisions remain correct.

### A. *Vine* does not reflect a change in the law on class certification, much less a controlling one.

Plaintiffs try to justify their request for reconsideration of the Court's class-certification ruling by suggesting that the Fifth Circuit's decision in *Vine v. PLS Financial Services, Inc.*, No. 19-40353, 2020 WL 1522438 (5th Cir. Mar. 30, 2020) (per curiam), constitutes an intervening change in the controlling law. The Fifth Circuit's *Vine* decision is nothing of the sort. For starters, the Fifth Circuit determined that its opinion in *Vine* should not be published. *Id.* at *1 n.*. Unpublished opinions are not precedential and, therefore, cannot reflect a change in controlling law. Indeed, for an opinion to be unpublished, each member of the panel must determine that the opinion neither "(a) [e]stablishes a new rule of law, alters, or modifies an existing rule of law, or calls attention to an existing rule of law that appears to have been generally overlooked," nor "(b) [a]pplies an established rule of law to

---

[2] The same is true of motions for reconsideration governed by Rule 54(b). *See UMG Recordings, Inc. v. Grande Commc'ns Networks, LLC*, No. 1:17-cv-365-LY, 2018 WL 4501535, at *2 (W.D. Tex. Sept. 20, 2018) (stating that even when brought under Rule 54(b), "motions for reconsideration are only appropriate for the narrow purpose to correct manifest errors of law or fact or to present newly discovered evidence" (quoting *Neaville*, 2013 WL 12124590, at *2)), *report and recommendation adopted*, 2018 WL 6588575 (W.D. Tex. Oct. 15, 2018); *see also Krim v. pcOrder.com, Inc.*, 212 F.R.D. 329, 331 (W.D. Tex. 2002) ("Motions to reconsider 'based on recycled arguments only [serve] to waste the resources of the court,' and are not the proper vehicle to '[rehash] old arguments or [advance] legal theories that could have been presented earlier.'" (alterations in original) (quoting *Tex. Instruments, Inc. v. Hyundai Elec. Indus., Co.,* 50 F. Supp. 2d 619, 621 (E.D. Tex. 1999))).

2

facts significantly different from those in previous published opinions applying the rule." 5TH CIR. R. 47.5.1, 47.5.2. Put simply, the Fifth Circuit did not publish its opinion in *Vine* because each of the judges on the panel decided that the opinion covered no new ground.

One need only read the Fifth Circuit's opinion to see why. The Fifth Circuit's discussion of reliance and Rule 23(b)'s predominance inquiry—the issue for which Plaintiffs cite the opinion—spans fewer than two pages and is a straightforward application of established principles. *Vine*, 2020 WL 1522438, at *6–7. The court begins by restating the general rule that "[f]raud actions that require proof of individual reliance cannot be certified as [Rule 23(b)(3)] class actions because individual, rather than common, issues will predominate." *Id.* at *6 (quoting *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 211 (5th Cir. 2003)). It then acknowledges a narrow but well-established exception: when the very nature of the misrepresentation permits the reasonable inference that factors other than the misrepresentation could not have influenced the plaintiffs' action, reliance can be proved with classwide evidence that the plaintiffs took that action. *Id.* As the court noted, this exception is most commonly recognized in so-called fraudulent overbilling cases, where "payment [of an inflated invoice] may constitute circumstantial proof of reliance based on the reasonable inference that customers who pay the amount specified in an inflated invoice would not have done so absent reliance upon the invoice's implicit representation that the invoiced amount was honestly owed." *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 119–20 (2d Cir. 2013), *cited in Vine*, 2020 WL 1522438, at *7. Applying these principles, the Fifth Circuit affirmed the district court's conclusion that two of the plaintiff's theories in that case could not be certified because they fell within the general rule, but one theory was akin to a fraudulent billing case and, therefore, was properly certified for class treatment. *Vine*, 2020 WL 1522438, at *6–7.

If this sounds familiar, it is because the parties covered this very issue—and, indeed, this very case—extensively in their briefing on Plaintiffs' motion for class certification. Plaintiffs' cited the district court's decision in *Vine* in every written submission they made to the Court in connection with their motion for class certification. (*See* Pls.' Mem. L. Supp. Mot. Class Cert. 18, ECF No. 112-2; Pls.' Reply Supp. Mot. Class Cert. 4, ECF No. 121; Pls.' Prop. Findings Fact & Conclusions L.

3

12–13, ECF No. 129.) In those submissions, Plaintiffs argued that their claims in this case are like the sole theory that the court certified for class treatment in *Vine*, rather than the two theories that the court refused to certify due to individual reliance. HomeAway took the opposite position, arguing that Plaintiffs' claims require individualized reliance inquiries that defeat predominance and, therefore, fall within the general rule rather than the narrow exception at issue in *Vine* and fraudulent-overbilling cases. (*See* Def.'s Resp. Mot. Class Cert. 17–18, ECF No. 114.)

After receiving hundreds of pages of briefing and oral argument from the parties on class certification, this Court entered its order denying class certification. In doing so, the Court accepted HomeAway's position, concluding that Plaintiffs' claims require "an inquiry into the individual reliance on any statements HomeAway may have made or not made," and that such inquiries "would result in individual mini trials for each member of the class and defeat the purpose of forming a class." (Order 11, ECF No. 135.) This was and remains correct. Unlike fraudulent-overbilling claims and the sole certified theory in *Vine*, the evidence here shows that many factors other than the alleged misrepresentations could have influenced Plaintiffs' and class members' decisions to purchase HomeAway subscriptions, including (i) which alleged traveler-fee representations each putative class member saw (if any) and what he or she understood those representations to mean; and (ii) whether he or she actually relied on any such representations in purchasing or renewing a HomeAway subscription. (*See* Def.'s Resp. Mot. Class Cert. 10–19.) Thus, just as the Fifth Circuit has previously rejected other plaintiffs' attempts to fit run-of-the-mill fraud-based claims into the narrow exception at issue in *Vine*, *see Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 415 (5th Cir. 2017) (distinguishing *U.S. Foodservice Inc.*, 729 F.3d at 120)), the Court correctly rejected Plaintiffs' attempt to do so here.

Plaintiffs may disagree with the Court's ruling, but they offer no justification for asking the Court to do its work all over again. Rather, their motion for reconsideration contains the exact same arguments that this Court already considered and rejected. Indeed, other than the Fifth Circuit's unpublished opinion in *Vine*, every single case Plaintiffs cite on this point in their motion for reconsideration appears in their class-certification briefing. (*Compare* Pls.' Mot. Reconsider 3–5, *with* Pls.' Mot.

Class Cert. 14–22.) The Court need not and should not waste judicial time and resources considering Plaintiffs' recycled arguments on class certification.

### B. Plaintiffs do not even try to offer a valid reason for revisiting the Court's *Daubert* ruling, much less show that it is incorrect.

Plaintiffs' request that the Court reconsider its decision to exclude the opinion of Arthur Olsen is, in a word, baseless. Plaintiffs do not cite a single case that they did not or could not have cited before this Court's ruling, much less a controlling case. Instead, Plaintiffs simply argue that the Court got it wrong and regurgitate the same argument—in some places almost verbatim—that they offered the first time around. Specifically, Plaintiffs argue that this Court should reconsider its order because (i) the threshold for admissibility of expert opinions is low, and (ii) Olsen's testimony would assist the trier of fact and is therefore relevant. (Pls.' Mot. Reconsider 6–8.) These same arguments, based on largely the same cases, are found in Plaintiffs' original briefing on the motion. (*See, e.g.,* Pls.' Resp. Mot. Exclude 10, ECF No. 122 ("Nothing more is necessary to overcome to low threshold for relevance."); *id.* at 9 ("The opinions offered by Mr. Olsen will assist the jury in understanding damages issues at trial, and are thus relevant.").

Plaintiffs' misrepresentation of Olsen's opinions is also recycled from their earlier briefing. In their motion for reconsideration, Plaintiffs claim, contrary to Olsen's own deposition testimony, that "Olsen opined that damages *can* be calculated on a classwide basis." (Pls.' Mot. Reconsider 7 (citing Olsen Decl. ¶¶ 10-20, ECF No. 113-12).) Plaintiffs made the same assertion eight months earlier in their response to HomeAway's motion to exclude: "His opinion is that damages *can* be calculated classwide using one of two damages models (among others that may exist)." (Pls.' Resp. Mot. Exclude 9, ECF No. 122 (citing Olsen Decl. at ¶¶ 10–20).) The Court, however, saw through this argument. As the Court noted, Olsen testified unequivocally that he was not opining that either of the models mentioned in his declaration is a reliable or accurate method to calculate Plaintiffs' damages. (Order 4, ECF No. 135; *see* Olsen Dep. 44:14–21, 43:20–44:5, 36:17–20, 37:13–16, ECF No. 116-1.) His only opinion was that he could perform those calculations if he is given the necessary data and someone tells him what to do. (*See* Olsen Dep. 38:2–14.) Absent evidence that those mod-

5

els actually measure **damages** attributable to the traveler service fee, Olsen's opinion that he can "do the math" required by the models is irrelevant to whether fact or amount of **damages** can be determined on a class-wide basis. The Court was correct to conclude as much, and Plaintiffs offer no reason for the Court to reconsider that decision.

## CONCLUSION

Federal courts are busy, this Court more than most. After considering voluminous written submissions and oral argument, this Court carefully considered and decided Plaintiffs' motion for class certification and HomeAway's motion to exclude Arthur Olsen's opinions. Plaintiffs do not like the result, so they now demand that the Court expend scarce judicial resources to consider the same tired arguments again. The Court should reject their demand and deny their motion.

Dated: May 15, 2020

Respectfully submitted,

SCOTT DOUGLASS & MCCONNICO LLP
303 Colorado Street, Suite 2400
Austin, Texas 78701
(512) 495-6300 Telephone
(512) 495-6399 Facsimile

By: _/s/ David D. Shank_

David D. Shank
State Bar No. 24075056
dshank@scottdoug.com

Stephen E. McConnico
State Bar No. 13450300
smcconnico@scottdoug.com

Michael L. Merriman
State Bar No. 24085975
mmerriman@scottdoug.com

*Attorneys for Defendant HomeAway.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of this motion upon each attorney of record and the original upon the Clerk of the Court on May 15, 2020.

_/s/ David D. Shank_
David D. Shank